# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ROBERT ANDREW-BEY,        )
                            )
        Petitioner,        )
                            )     Civil Action No.   23-03885 (UNA)
        v.                 )
                            )
MERRICK B. GARLAND *et al.*,    )
                            )
        Respondents.     )

## <u>MEMORANDUM OPINION</u>

Petitioner, appearing *pro se*, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and an application to proceed *in forma pauperis* (IFP).   For the following reasons, the Court will grant the IFP application and dismiss the case for want of jurisdiction.

Petitioner is incarcerated at Canaan U.S. Penitentiary in Waymart, Pennsylvania.   The scribbled handwritten petition is difficult to follow but appears to arise from a criminal proceeding in the Superior Court of the District of Columbia.   *See* Pet. at 1, 2 (citing *Reed v. USA*, No. 2009-CF1-15815 (D.C. Super. Ct.)).

To the extent Petitioner is challenging his D.C. conviction, it is established that D.C. "prisoner[s] ha[ve] no recourse to a federal judicial forum unless [it is shown that] the local remedy," D.C. Code § 23-110, "is inadequate or ineffective to test the legality of his detention." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (cleaned up).   Put simply, the local remedy "divests federal courts of jurisdiction to hear habeas petitions by [D.C.] prisoners who could have raised viable claims pursuant to § 23-110(a)."   *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009); *see Ibrahim v. United States*, 661 F.3d 1141, 1146 (D.C. Cir. 2011) (explaining that the local remedy is "not a procedural bar to *otherwise available* federal habeas claims; it is Congress's deliberate channeling of constitutional collateral attacks on Superior Court sentences to courts

within the District's judicial system (subject to Supreme Court review), with federal habeas available only as a safety valve") (italics and parenthesis in original)).

The instant Petition does not present a discernible ground to overcome the jurisdictional barriers to review by this Court.[1]   Consequently, this case will be dismissed by separate order.

_____/s/_____
RUDOLPH CONTRERAS
United States District Judge

Date: February 12, 2024

---

[1]  If Petitioner is challenging the execution of his sentence, rather than its legality, any writ must be directed "to the person having custody of the person detained," 28 U.S.C. § 2243, which in this case is the prison warden in Pennsylvania.  *Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998); *see Herndon v. U.S. Parole Com'n*, 961 F. Supp. 2d 138, 141 (D.D.C. 2013) (noting that "[h]abeas corpus under 28 U.S.C. § 2241 is the exclusive federal avenue available to a District of Columbia prisoner challenging the manner of execution of a sentence, rather than the sentence itself") (cleaned up)).   And under the law of this Circuit, this Court "may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction."  *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004).